Filed 6/8/16  P. v. Harrington CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JASON BRYAN HARRINGTON,<br><br>        Defendant and Appellant. | C080215<br><br>(Super. Ct. No. CM042722) |

Appointed counsel for defendant Jason Bryan Harrington has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the record, we find a clerical error in the abstract of judgment, which we will direct the trial court to correct, and we affirm the judgment.

BACKGROUND

On April 6, 2015, a law enforcement officer identified defendant, who was living in a tent, as a parolee also required to register as a sex offender.  The officer searched

1

defendant and his belongings and found a cellular phone with Internet access and 0.2 grams of methamphetamine in defendant's backpack.

The People subsequently charged defendant with possessing a controlled substance (Health & Saf. Code, § 11377) and alleged he was ineligible to serve his term in county jail because he was previously convicted of a strike offense. The People further alleged defendant served prior terms in prison and was previously convicted of a strike offense.

Defendant pleaded no contest to the possession charge and admitted the prior strike conviction made him ineligible to serve his term in county jail. In exchange for defendant's plea, the People moved to strike the sentencing enhancement allegations.

The trial court struck the enhancement allegations and sentenced defendant to the middle term of two years in state prison. The court also awarded defendant 41 days of custody credit and ordered him to pay various fines and fees including a $736 "report fee."

Defendant appeals without a certificate of probable cause.

DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We did, however, find a clerical error that requires correction. At sentencing, the trial court ordered defendant to pay a $736 "report fee." The abstract of judgment does not include that fee. "The oral pronouncement of judgment controls over any discrepancy with the minutes or the abstract of judgment. [Citations.]" (*People v.*

2

*Sharret* (2011) 191 Cal.App.4th 859, 864.)  Accordingly, the trial court must prepare a corrected abstract of judgment reflecting the $736 report fee.  (*Ibid.*)

DISPOSITION

The judgment is affirmed.  The clerk of the superior court shall prepare a corrected abstract of judgment reflecting the $736 report fee ordered by the trial court and forward a certified copy to the Department of Corrections and Rehabilitation.

                                        /s/
                                    Blease, Acting P. J.

We concur:

   /s/
Butz, J.

   /s/
Renner, J.